

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
SENTINEL INSURANCE COMPANY, LTD.,                             :
a/s/o Susan Mittenthal,                                       :  Case No.: 08 Civ. 4335 (SCR)(LMS)
                                                              :
                    Plaintiff,                                :  **AMENDED COMPLAINT**
                                                              :
         -against-                                            :  **Jury Trial Demanded**
                                                              :
WESTCHESTER GENERAL CONTRACTING, INC.,                        :
                                                              :
                    Defendant.                                :
                                                              :
------------------------------------------------------------- x

Plaintiff, Sentinel Insurance Company, Ltd., by its attorneys Robinson & Cole LLP, as and for its Amended Complaint against the defendant alleges as follows.

## Background

1. This is a subrogation action by plaintiff Sentinel Insurance Company, Ltd., ("Sentinel"), the first party property insurer of Susan Mittenthal ("Mittenthal").

2. Sentinel has paid to Mittenthal a total of $194,211.11 in connection with a loss sustained by her on May 6, 2007 arising out of fire at her home which was caused by the negligent use of an open flame while defendant was in the process of removing paint from Mittenthal's porch (the "Loss").

3. In addition to the $194,211.11 paid by Sentinel, Mittenthal incurred a deductible of $1,000, and therefore the total amount sought in this action is the sum of the two, or $195,211.11.

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 USC §1332 as the action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 USC §1391(a).

## The Parties

6. At all relevant times herein, Sentinel was and still is a corporation organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

7. Sentinel was the first party property insurer of Mittenthal under policy no. 16RBA609648 which covered the period July 8, 2006 through July 8, 2007 (the "Policy").

8. Mittenthal owns the house in which the fire occurred, located 67 Paine Avenue, New Rochelle, New York 10804.

9. Pursuant to the Policy and relevant law, Sentinel having paid amounts pursuant to the Policy in connection with the Loss, is subrogated to all of Mittenthal's rights and is entitled to pursue claims against parties which may have caused or been responsible for the Loss.

10. Upon information and belief, at all relevant times herein defendant Westchester General Contracting, Inc. was and still is a corporation duly organized and existing under the laws of the State of New York with its principal place of business in New Rochelle, New York.

## First Claim for Relief Against Defendant
(Negligence)

11. Sentinel repeats and realleges the allegations contained in paragraphs 1 through 10 as though fully set forth at length herein.

12. Upon information and belief, Mittenthal hired Westchester General Contracting to remove paint from the front porch of her house and to repaint the porch.

13. Defendant had a duty of reasonable care to insure that in removing the paint, defendant would not damage Mittenthal's house.

14. Defendant breached its duty of reasonable care by negligently utilizing an open flame to remove the paint, thereby setting fire to the house causing substantial damage due to the fire and smoke damage, and water damage related to firefighting efforts.

15. Defendant's conduct was the direct and proximate cause of the Loss.

16. Sentinel has been damaged in the amount of $194,211.11, the amount it paid to Mittenthal, and additionally Sentinel is entitled to recover Mittenthal's $1,000 deductible, which total $195,211.11 in damages.

## Second Claim for Relief Against Defendant
### (Breach of Contract)

17. Sentinel repeats and realleges the allegations contained in paragraphs 1 through 16 as though fully set forth at length herein.

18. Mittenthal and Westchester General Contracting entered into a contract which included the removal of paint from the front porch of Mittenthal's house and the repainting of the porch.

19. The contract obligated defendant to perform certain work in a workmanlike manner and to avoid injury to her property while such work was being performed.

20. Defendant breached its contract with Mittenthal.

21. Sentinel has been damaged in the amount of $194,211.11, the amount it paid to Mittenthal, and additionally Sentinel is entitled to recover Mittenthal's $1,000 deductible, which total $195,211.11 in damages.

**WHEREFORE**, plaintiff demands judgment as follows:

I. On the first claim for relief, the amount of $195,211.11, plus interest from May 6, 2007;

II. On the second claim for relief, the amount of $195,211.11, plus interest from May 6, 2007;

III. The cost and disbursements of this action; and

IV. Such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
August 26, 2008

                    ROBINSON & COLE LLP

BY: _____
MICHAEL B. GOLDEN, ESQ. (MG-0633)
Attorneys for Plaintiff
Sentinel Insurance Company, Ltd.
885 Third Avenue, Suite 2800
New York, New York 10022
212-451-2900

To: Phillip A. DeCaro, Esq.
DeCaro & DeCaro, PC
480 Mamaroneck Avenue
Harrison, NY 10528

4

5

## CERTIFICATE OF SERVICE

      I, Michael B. Golden, hereby certify that on this 26th day of August 2008, I served a true copy of the foregoing AMENDED COMPLAINT, via first class mail, upon the following:

      Phillip A. DeCaro, Esq.
      DECARO & DECARO, PC
      480 Mamaroneck Avenue
      Harrison, NY  10528

      _____
      Michael B. Golden